IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JENNIFER L. EBERSOLE                                                                              PLAINTIFF

4:21-cv-00346-BRW-JJV

KILOLO KIJAKAZI, Acting Commissioner,
Social Security Administration                                                                    DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

This recommended disposition has been submitted to United States District Judge Billy Roy Wilson. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

**RECOMMENDED DISPOSITION**

Plaintiff, Jennifer Ebersole, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits. Both parties have submitted briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see*

*also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). After careful review of the pleadings and evidence in this case, I find the Commissioner's decision should be REVERSED and REMANDED for further development of the record.

Plaintiff is forty-one years old. (Tr. 50.) She has past relevant work as an investigator and claims clerk. (Tr. 21.)

The ALJ[1] found Ms. Ebersole had not engaged in substantial gainful activity since March 1, 2018 - the alleged onset date. (Tr. 12.) She has "severe" impairments in the form of obesity, diabetes mellitus, hypertension, headaches, and neck and back pain. (Id.) The ALJ further found Ms. Ebersole did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 14.)

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

The ALJ determined Ms. Ebersole had the residual functional capacity to perform a slightly reduced range of light work given her physical impairments. (*Id*.) Based on the residual functional capacity assessment and the testimony of the vocational expert, (Tr. 40-41), the ALJ determined Ms. Ebersole was capable of performing her past relevant work as an investigator or claims clerk. (Tr. 21.) Accordingly, the ALJ determined Ms. Ebersole was not disabled. (Tr. 21-22.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-3.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of her Complaint, Plaintiff contends the ALJ erred in failing to determine her longstanding and persistent headache disorder met or equaled a listed impairment. (Doc. No. 12 at 2-4.) Both sides agree that the appropriate listing for headache disorders is 11.02 and that regulation states:

> 11.02 Epilepsy, documented by a detailed description of a typical seizure and characterized by A, B, C, or D:
>
>  A. Generalized tonic-clonic seizures (see 11.00H1a), occurring at least once a month for at least 3 consecutive months (see 11.00H4) despite adherence to prescribed treatment (see 11.00C).
>
> OR
>
>  B. Dyscognitive seizures (see 11.00H1b), occurring at least once a week for at least 3 consecutive months (see 11.00H4) despite adherence to prescribed treatment (see 11.00C).
>
> OR
>
> C. Generalized tonic-clonic seizures (see 11.00H1a), occurring at least once every 2 months for at least 4 consecutive months (see 11.00H4) despite adherence to prescribed treatment (see 11.00C); and a marked limitation in one of the following: 1.Physical functioning (see 11.00G3a); or

      2.Understanding, remembering, or applying information (see 11.00G3b(i)); or
      3.Interacting with others (see 11.00G3b(ii)); or
      4.Concentrating, persisting, or maintaining pace (see 11.00G3b(iii)); or
      5.Adapting or managing oneself (see 11.00G3b(iv)).

      OR

      D. Dyscognitive seizures (see 11.00H1b), occurring at least once every 2 weeks for at least 3 consecutive months (see 11.00H4) despite adherence to prescribed treatment (see 11.00C); and a marked limitation in one of the following:
      1.Physical functioning (see 11.00G3a); or
      2.Understanding, remembering, or applying information (see 11.00G3b(i)); or
      3.Interacting with others (see 11.00G3b(ii)); or
      4.Concentrating, persisting, or maintaining pace (see 11.00G3b(iii)); or
      5.Adapting or managing oneself (see 11.00G3b(iv)).

20 C.F.R. Pt. 404, Subpt. P, App. 1.

      This case immediately presents difficulty because the ALJ did not provide any analysis in determining Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listing. (Tr. 14.) While that is not necessarily reversible error, here, the ALJ's decision begs for some degree of discussion as to why Mr. Ebersole's headache disorder does meet or equal the listing. Her headache disorder appears to be her most significant impairment and, as the ALJ's opinion recites, the record is replete with medical evidence of debilitating and persistent headaches. (Tr. 15-17.) Accordingly, it appears, as Plaintiff argues, the frequent nature of Plaintiff's headache disorder might meet 11.02B, and the administrative record remains silent as to how the ALJ determined it did not.

      Furthermore, in evaluating Plaintiff's subjective symptoms, the ALJ stated, "While the claimant has sought treatment for her migraines, she has also admitted to being non-compliant with her medications, particularly her medications for her high blood pressure." (Tr. 18.) The ALJ does not cite to the record and there is only *one* mention of noncompliance cited by the

4

Commissioner.  (Tr. 553-554.)   So, I find this can hardly be substantial evidence to support the ALJ's opinion on this very important point.

And while the Commissioner asserts that Plaintiff's symptoms improve with medication, (Doc. No. 13 at 8), the record reveals her improvement is - at best - *minimal*.  (Tr. 337 ("reports some relief"), 538 ("becoming more frequent but not as bad as last year"), 543("Phenergan and [Butalbital] help"), 570 ("Her headaches have been improved over the years but she still [has] about 1-2 per month accounting for 10 headache days per month" and "Butalbital she takes now once or twice a week [and] [i]t has not been helpful with [this] most recent headache.")   Thus, on this equally important point, I find the ALJ's opinion is also not supported by substantial evidence.

After careful review of the record, I find the Commissioner's decision must be remanded for further development of the record.  Although the Commissioner correctly points out some good reasons to support the ALJ's determination, (Doc. No. 13, *e.g.,* "Plaintiff's physical examinations showed mild to moderate pain and she had mostly normal neurological and psychiatric examination results"), for the reasons recited above, his decision is simply not supported by substantial evidence.   Therefore, this case should be remanded to the Commissioner for further development of the record.  On remand, the Commissioner should fully address whether Plaintiff's headache disorder meets or equals a listed impairment and, if warranted, obtain the opinion of medical expert.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be reversed, and this case be remanded for proceedings consistent with this opinion.   This would be a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

DATED this 5th day of November 2021.

                                                                                     _____
                                                                                     JOE J. VOLPE
                                                                                      UNITED STATES MAGISTRATE JUDGE